## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| **MARGARET SUTTON** | **DOCKET NO. _____** |
| **VERSUS** | **JUDGE _____** |
| **ELDORADO CASINO SHREVEPORT JOINT VENTURE, ET AL.** | **MAGISTRATE JUDGE _____** |

### NOTICE OF REMOVAL AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, come ELDORADO CASINO SHREVEPORT JOINT VENTURE (hereinafter referred to as "defendant" or "Eldorado") (erroneously identified by plaintiff as CASINO SHREVEPORT JOINT VENTURE), and ACE AMERICAN INSURANCE COMPANY ("Ace American") (collectively "defendants"), defendants in the above entitled cause, and appearing solely for the purpose of presenting this Notice of Removal of the above entitled cause to this Honorable Court under the provisions of 28 U.S.C. § 1441, *et seq.*, and reserving all rights, respectfully show as follows:

1.

This suit was filed by plaintiff, MARGARET SUTTON, ("plaintiff") in the First Judicial District Court, Caddo Parish, Louisiana, on the 31st day of October, 2021.

2.

Defendants allege that plaintiff is a resident, citizen, and domiciliary of the State of Louisiana.

3.

Eldorado was served with citation and a certified copy of the petition on or about November 17, 2021. An Answer was filed on behalf of Eldorado in the state court proceeding on November 5, 2021. Ace American was served with citation and a certified copy of the petition on or about October 25, 2021, but it has not filed an Answer.

4.

This action is of a civil nature at law. At the time plaintiff's Petition was filed, defendant ELDORADO CASINO SHREVEPORT JOINT VENTURE was and is a limited partnership.[1] The managing partner of ELDORADO CASINO SHREVEPORT JOINT VENTURE is Premier Entertainment Louisiana I, LLC, a Rhode Island limited liability company. The limited partner of ELDORADO CASINO SHREVEPORT JOINT VENTURE is Premier Entertainment Louisiana II, LLC, a Rhode Island limited liability company. The sole member of both Premier Entertainment Louisiana I, LLC and Premier

---

[1] The Supreme Court held in *Carden v. Arkoma Associates,* 110 S.Ct. 1015 (1990) that diversity of citizenship when a limited partnership is a party is determined by considering the citizenship of each partner, both limited and general. Neither the state of organization nor principal place of business is relevant. *Bozman v. Shreveport Doctor's Hospital, et al.*, 2006 WL 2524161, *1 (W.D. La. 2006).

Entertainment Louisiana II, LLC is Twin River Management Group, Inc., a Rhode Island corporation with its principal place of business located in the State of Rhode Island.

5.

Plaintiff also named Ace American Insurance Company as a defendant in this matter, as the insurer of Eldorado, but Eldorado is self-insured and does not have an insurance policy with Ace American Insurance Company, which provides coverage on the claims made.

6.

At the time plaintiff's Petition was filed, defendant Ace American Insurance Company was and is now a Pennsylvania insurance corporation with its principal place of business in the State of Pennsylvania.

7.

All defendants join in this Notice of Removal and Jury Demand.  All defendants are diverse from plaintiff.

8.

In her Petition for Damages, plaintiff alleges that she was injured when she tripped and fell at the Eldorado Hotel and Casino in Shreveport, Louisiana.

9.

Plaintiff alleges that due to the accident she suffered severe and disabling injuries.

10.

Plaintiff further alleges general and special damages.

11.

Plaintiff also alleges that he will incur past, present, and future mental and physical pain and suffering; past, present, and future medical expenses; past, present, and future pain, suffering, and mental anguish and emotional distress; permanent damage and disability; loss of enjoyment of life; loss of income; past, present, and future loss of wages; and such other elements of damages which will be more fully shown at a trial on the merits.

12.

Defendants aver, however, that such allegations are typical in personal injury cases and do not indicate the severity of plaintiff's true injuries. Moreover, plaintiff did not allege the amount of any medical bills incurred or any surgery needs.

13.

Consistent with Louisiana law, plaintiff does not allege any specific monetary amount for the value of the claims made in her Petition. Nothing on the face of plaintiff's Petition in state court suggested that the value of plaintiff's claims exceeded $75,000.00.

14.

As the Fifth Circuit has established, the information provided to defendants that the amount in controversy must exceed $75,000, must be "unequivocally clear and certain."

*Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211-12 (5th Cir. 2002). This standard was established to promote judicial economy and so that defendants faced with an equivocal record would not have to play a guessing game and engage in protective removals to prevent losing the right to remove.

15.

On December 2, 2021, plaintiff sent a letter to defendants that as a result of the accident at Eldorado, she suffered significant injuries. Plaintiff offered to settle the matter for $112,356, an amount in excess of the threshold for federal jurisdiction. (A copy of the letter is attached hereto as Exhibit B).

16.

Louisiana district courts have considered settlement demands as "valuable evidence" in determining the amount in controversy. *Ford v. State Farm Automobile Ins. Co.*, 2009 WL 790150 (M.D. La.); *Lonon v. Prieto*, 2000 WL 913808 (E.D. La.).

17.

During the time this matter was pending in the First Judicial District Court, defendants had no basis to believe that the value of plaintiff's claims met the jurisdictional threshold of this Court.

18.

The receipt of plaintiff's settlement demand on December 2, 2021, constitutes defendants' first notice that this case became removable and defendants file this Notice of Removal within thirty (30) days thereof.

19.

Pursuant to 28 USC § 1446(b), this Notice of Removal is timely because the plaintiff's settlement demand received by defendants on December 2, 2021, constitutes an "other paper from which it was first ascertained that the case is one which is or has become removable," and the Notice of Removal is filed within one year after the commencement of the action.

20.

Accordingly, plaintiff's damage claims exceed the jurisdictional threshold of this Court.

21.

This Court has jurisdiction of this cause of action under 28 USC § 1332.

22.

The proper court for removal is the United States District Court for the Western District of Louisiana, Shreveport Division.

23.

Defendants file as Exhibit A herewith copies of the entire record in the district court, which consists of the following:

    (1)    Petition;

    (2)    Citations and Service Transmittal issued to Defendants;

    (3)    Answer to Petition for Damages and Jury Demand by Eldorado; and,

    (4)    Request for Notice of Trial and Judgment by Eldorado.

24.

Defendants further show unto the Court that immediately upon the filing of this Notice of Removal, a copy of same shall be served upon all adverse parties and a copy filed with the Clerk of the First Judicial District Court, Caddo Parish, Louisiana, all in accordance with 28 USC § 1446(d).

25.

Defendants are entitled to and request a trial by jury in this matter.

Shreveport, Louisiana, this 24th day of December, 2021.

                BLANCHARD, WALKER, O'QUIN & ROBERTS
                   (A Professional Law Corporation)


      By:    /s/ Scott R. Wolf
             Scott R. Wolf, Bar #28277

700 Regions Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone: (318) 221-6858
Telecopier: (318) 227-2967
E-Mail: swolf@bwor.com

ATTORNEYS FOR DEFENDANTS,
ELDORADO CASINO SHREVEPORT JOINT
VENTURE and ACE AMERICAN INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal has this date been served upon the following by placing same in the United States Mail, postage paid:

>Honorable Mike Spence
>Caddo Parish Clerk of Court
>Caddo Parish Courthouse
>501 Texas Street, Room 103
>Shreveport, Louisiana 71101
>
>Jeanne K. Demarest, Esq.
>ALVENDIA, KELLY & DEMAREST, LLC
>909 Poydras Street, Suite 1625
>New Orleans, Louisiana 70112
>
>Greg J. Chiartano, Esq.
>3801 Canal Street, Suite 211
>New Orleans, LA 70119

Shreveport, Louisiana, this 24th day of December, 2021.

>/s/ Scott R. Wolf
>OF COUNSEL