UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARGARET SUTTON | CIVIL ACTION NO. 21-cv-4418 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ELDORADO CASINO SHREVEPORT JOINT VENTURE ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Margaret Sutton ("Plaintiff") filed this civil action in state court against Eldorado Casino and Ace American Insurance Co. Plaintiff alleged that she tripped and fell on the premises of the casino. Eldorado and Ace ("Defendants") removed the case based on diversity jurisdiction. Before the court is Plaintiff's Motion to Remand (Doc. 10) on the grounds that (1) Defendants waived their right to removal when Eldorado filed an answer in state court and (2) Defendants did not meet their burden with respect to the amount in controversy. For the reasons that follow, it is recommended that the motion to remand be denied.

**Waiver of Right to Remove**

Plaintiff's motion to remand stated that it is on the grounds that the court does not have subject matter jurisdiction because the jurisdictional amount is lacking. Her memorandum in support addressed that issue. It also offered a two-sentence argument, with no citation to authority, that Defendants waived the right to remove by filing an answer in state court. Despite the inadequate briefing, the court will address the waiver issue.

Plaintiff commenced this action by filing a petition in state court, and Eldorado soon filed an answer. A few weeks later, counsel for Plaintiff sent a letter to defense counsel and offered to settle the matter for more than $100,000. Defendants took the letter as evidence that the amount in controversy necessary for diversity jurisdiction was present, and they promptly filed a notice of removal. There is no argument or indication that Eldorado took any action in state court other than filing an answer.

A defendant may waive its right to removal "by proceeding to defend the action in state court or otherwise invoking the processes of that court." Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986). However, a waiver of the right to remove must be clear and unequivocal. Tedford v. Warner-Lambert Co., 327 F.3d 423, 428 (5th Cir. 2003). A party has not waived its right to removal even though it has participated in state proceedings, so long as the party has not sought an adjudication on the merits. Id.; Strong v. Green Tree Servicing, LLC, 716 Fed. Appx. 259, 263 (5th Cir. 2017).

District courts have applied these rules to repeatedly hold that merely filing an answer is not sufficient to constitute a waiver of the right to remove. B and S Equipment Co., Inc. v. Central States Underwater Contracting, Inc., 2020 WL 1466765, *3 (E.D. La. 2020); Estate of Brown v. New York Life Insurance Company, 2018 WL 1630958, *7 (W.D. La. 2018); and Badaiki v. Schlumberger Holdings Corporation, 2020 WL 8515066, *7 (S.D. Tex. 2020). Each of those cases cite other decisions that similarly held that filing an answer does not waive removal. Accordingly, the waiver argument does not present a basis for remand.

**Amount in Controversy**

    **A. Removing Party's Burden**

The federal courts have original jurisdiction over civil actions where the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Subject to some exceptions, a civil action brought in state court over which the federal courts have original jurisdiction may be removed by the defendants. § 1441(a).

A notice of removal may assert the amount in controversy if the plaintiff's initial pleading seeks a money judgment, but state practice does not permit a demand for a specific sum. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal of such an action is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a). The burden is on the removing party to show that removal is proper, and any doubts should be resolved against federal jurisdiction. <u>Vantage Drilling Co. v. Hsin-Chi Su</u>, 741 F.3rd 535, 537 (5th Cir. 2014).

Plaintiff's petition, in accordance with Louisiana law, did not set forth a demand for a specific amount of damages. Defendants asserted in their notice of removal that the amount in controversy exceeds $75,000. Defendants may satisfy their burden on that issue by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy—in the notice of removal or an affidavit—that

support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

### B. Facts in the Petition

Plaintiff alleged in her petition that she "tripped and fell on an uneven and defective threshold on the premises causing severe and disabling injuries to plaintiff." Petition, ¶ 3. Plaintiff alleged that her categories of damages included mental and physical pain and suffering, past and future medical expenses, loss of income, future lost wages, and permanent damage and disability. ¶¶ 2 & 5. Plaintiff did not offer any specificity about what part or parts of her body she injured. She prayed for an award of reasonable damages. Plaintiff could have included an allegation, pursuant to La. C.C.P. art. 893(A)(1), that the amount of damages was less than the requisite amount to afford jurisdiction to a federal court, but she did not include such an allegation.

### C. Facts Offered by Defendants

The only other information offered by Defendants with respect to the amount in controversy is a pre-removal letter from Plaintiff's counsel in which he described Plaintiff's medical history and offered to settle the case for $100,000 plus her medical expenses of $12,356 for a total of $112,356. The letter began by listing medical providers and their fees, which actually totaled $15,156. Counsel described how Plaintiff went to the emergency room for evaluation and treatment for a left knee injury sustained as a result of the slip and fall at the casino. She rated her pain as nine out of ten. X-rays were taken of her lumbar spine, left knee, and left hand. There was no evidence of recent fracture or dislocation.

The letter stated that Plaintiff later complained to Dr. Grady Stimits, a chiropractor, of numbness and tingling in both legs, and he recommended an MRI scan of her lumbar spine and left knee. The scan indicated a tear of the meniscus and other issues with the knee and spine. Dr. Stimits recommended an evaluation by an orthopedic specialist, so Plaintiff went to Dr. Paul Fenn with Orthopaedic Reconstructive Subspecialists. Plaintiff was ambulatory with the use of a cane, and she complained of constant pain in her lumbar spine and left knee. Dr. Fenn recommended physical therapy and prescribed medication. During a series of later visits, Dr. Fenn administered an injection to the knee that afforded 50% relief, and he recommended an injection to the spine. He also recommended surgery, home exercise, and other treatment. At the last reported visit, Plaintiff still experienced constant pain and a limited range of motion.

Plaintiff argued in her motion to remand that her damages have not reached the threshold for diversity jurisdiction. She also tendered a one-sentence stipulation in which she, through counsel, "stipulates that her damages in the subject lawsuit do not meet or exceed $75,000."

**D. Analysis**

Defendants devote a significant portion of their memorandum to an argument that the removal was timely. Plaintiff's motion, however, did not argue that the removal was untimely so timeliness is not an issue.[1] The only issue is whether Defendants met their burden of showing by a preponderance that the amount in controversy exceeds $75,000.

---

[1] Timeliness is a procedural deficiency that does not affect subject matter jurisdiction, so any argument based on timeliness was waived when it was not presented in a motion filed within 30

The petition did not specify the injury suffered, but Plaintiff asserted claims for significant categories of damages including pain and suffering, loss of earning capacity, and "permanent disability to the body." Such a laundry list of categories, found in almost every petition, is of some significance but is usually not enough, without some actual facts about the injury or medical care, to make it facially apparent that more than $75,000 is in controversy. Carr v. Mayclin, 2018 WL 4839236, *2 (W.D. La. 2018) (Hornsby, M.J.).

Plaintiff did not take advantage of the opportunity afforded by Article 893 to allege that her damages were less than the amount required for federal diversity jurisdiction. A plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, but the omission is entitled to "some consideration" in the inquiry. Davis v. LeBlanc, 2017 WL 4399275, *2 (W.D. La. 2017) (Hornsby, M.J.) (collecting cases).

The most significant evidence is Plaintiff's pre-removal settlement letter. The Fifth Circuit has not specifically addressed how to weigh pre-removal settlement demands, but district courts throughout Louisiana have often acknowledged that such pre-removal offers or demands are "valuable evidence" in determining the amount in controversy. Lowrie v. Wal-Mart, 2015 WL 9685508, *2 (W.D. La. 2015) (Hornsby, M.J.) (collecting cases). It can be inferred from Fifth Circuit cases that such a demand is relevant when

---

days after removal. 28 U.S.C. § 1447(c); In re TXNB Internal Case, 483 F.3d 292, 299 (5th Cir. 2007) ("Timeliness of removal is a procedural rather than a jurisdictional issue and, accordingly, may be waived by an untimely objection.").

the settlement offer reflects an honest assessment of the value of the plaintiff's claims. Morvant v. Landstar Ranger, Inc., 2021 WL 5856463, *3 (W.D. La. 2021) (Hanna, M.J.).

The settlement letter includes a detailed description of Plaintiff's injury and related medical history. There is no indication that the offer is exaggerated puffery. Rather, it appears to be a reasonable assessment of the value of the case, supported by a detailed discussion of the relevant facts, that is valuable evidence of the amount in controversy. Similar letters have been deemed sufficient with respect to the amount in controversy. See, e.g., Lilly v. Dollar Gen. Corp., 2017 WL 4836539 (M.D. La. 2017) (denying remand when pre-removal settlement letter demanded $138,618 and described knee injury and related medical care); Broussard v. Celebration Station Properties, Inc., 2014 WL 1402144, *5 (M.D. La. 2014) (denying remand where detailed settlement letter demanding $85,000 was found to be "an honest assessment of a reasonable settlement value of the case"); Daniels v. Metro. Prop. & Cas. Ins. Co., 2003 WL 22038371, *3 (E.D. La. 2003) (denying remand where plaintiff's counsel evaluated the claim at $150,000 in settlement demand letter); and Creppel v. Fred's Stores of Tennessee, Inc., 2013 WL 3490927, *2-3 (E.D. La. 2013) (denying remand where plaintiff's pre-petition settlement demand letter assessed the value of the case at $80,000).

Plaintiff attempts to undermine the weight of her settlement letter with a post-removal stipulation. Such post-removal stipulations have limited effect. If the record shows that the amount in controversy exceeds $75,000 at the time of removal, "post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Gebbia v. Wal–Mart Stores, Inc., 233 F.3d 880, 883 (5th

Cir. 2000). "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." Id. See also Pollet v. Sears Roebuck & Co., 46 Fed. Appx. 226 (5th Cir. 2002) (plaintiff's post-removal actions, including post-removal settlement demands, were immaterial to determination of whether her claims exceeded $75,000).

Plaintiff did not offer an affidavit or otherwise provide specific facts about why her injuries and damages, recently valued at $112,356, were suddenly worth less than $75,000. Rather, counsel offered only a bare stipulation that the case does not exceed $75,000. That conclusory offering provides no facts that would help clarify any ambiguities, and courts have often rejected similar efforts to defeat removal. Robinson v. Eldorado Resorts Inc., 2021 WL 1035109 (W.D. La. 2021) (collecting cases), report and recommendation adopted, 2021 WL 1031013 (W.D. La. 2021) (Foote, J.). Examples includes Manshack v. Ocwen Loan Servicing, LLC, 2014 WL 5500456, *4 (W.D. La. 2014) (Hornsby, M.J.) (counsel's post-removal affidavit that the amount in controversy did not meet the jurisdictional amount was of limited effect due to lack of clarifying facts) and Costello v. Capital One NA, 2008 WL 1766983, *3 (W.D. La. 2008) (Hornsby, M.J.) (mere post-removal stipulation that damages did not exceed $75,000 was not supported by factual explanation so did not resolve any ambiguity). The one-sentence, conclusory stipulation offered by counsel in this case is insufficient to overcome the finding that the removing defendants met their burden of demonstrating the amount in controversy exceeded $75,000 at the time of removal.

Accordingly,

It is recommended that Plaintiff's Motion to Remand (Doc. 10) be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of March, 2022.

Mark L. Hornsby
U.S. Magistrate Judge